## HEIRS OF GATLIN vs. ORGAIN ET AL.

### SUPREME COURT, AUSTIN TERM, 1882.

*Trespass to try title—Verdict—Improvements—Use and occupation—Judgment.*—A judgment which makes the failure of a party to pay within twelve months the excess of the value of the improvements over that for use and occupation an absolute forfeiture of the land without any compensation, is repugnant to natural justice and in violation of the Constitution and laws of the State.

As a general rule, a defendant who does not assail the validity of the plaintiff's title is not entitled to recover for the value of improvements, upon the ground that he had mistaken the boundary line, if by the exercise of due care the true boundary could have been known.

On July 21, 1874, the plaintiffs in error brought this suit against defendants in error to recover the land in controversy, claiming the same as the heirs of Wm. Gatlin, deceased.

The defendants answered by general denial, not guilty, three, five and ten years limitation, and suggested improvements made in good faith.

By amendments the suit in effect became one to determine boundary, the plaintiffs claiming the land in controversy as part of the Wm. Gatlin, while it seems the defendants claimed it as part of the Wm. J. Brown survey.

September 11, 1875, the case was tried and the jury returned a verdict, finding for the plaintiffs for the land and for the defendants for $500 for improvements, and for the plaintiff's rents $70.05, upon which a judgment was rendered, the peculiarities of which will be noticed in the opinion. The case is now before the court on writ of error.

There is no statement of facts, and the view we take of the case renders it unnecessary to notice the assignment of error.

Opinion, by Watts, J.—An inspection of the record in this case disclosed a manifest error, fundamental in its character, that requires a reversal of the judgment.

The jury found in favor of the appellants for the land, and for the appellees for $500 for improvements, less $70.05 rents. Upon this verdict the court rendered judgment in favor of appellants for the land in controversy, and for the appellees against the appellants for the $500, less the $70.05, and decreed that no writ of restitution should issue for twelve months from the rendition of the judgment, unless the appellant within that time should pay to the clerk of the court, for the use of appellees, the sum of $429.95, and if the appellants should fail to pay that sum within the twelve months, that they should be forever barred of their writ of restitution, and from ever maintaining any action against appellees for the land.

Our statute then in force required that the jury in such cases should assess the value of the improvements at the time of the trial, the value of the land without considering its increased value by reason of the improvements, and the value of the use and occupation of the land; and, also, provided that, if the value of the improvements, as assessed, should exceed the value of the use and occupation, no writ of possession should issue for twelve months, unless the plaintiff should pay to the clerk, for the defendant, the excess of the value of the improvements over the value of the use and occupation; and, if the plaintiff should neglect to make such payment within that time, then the defendant had the privilege, at any time within six months thereafter, of paying to the clerk, for the plaintiff, the value of the lands assessed by the jury; and, if this was done, then the plaintiff should be forever barred of his writ of possession, and from maintaining any action against the defendant for the land; and, should the defendant fail to pay to the clerk the assessed value of the land within six months, then the plaintiff should have the right to sue out his writ of possession.

In the case before us, the failure upon the part of the appellants to pay the excess of the value of the improvements over that for the use and occupation, within twelve months, is made, by the judgment, an absolute forfeiture of the appellants' land, without allowing them any compensation for the same,

The judgment, in that particular, is not warranted by the pleading, is repugnant to natural justice, and in violation of the Constitution and laws of the State.

In view of another trial in the court below, we deem it proper to say that, as a general rule, a defendant who does not assail the validity of the plaintiff's title to the land, is not entitled to recover for the value of improvements, upon the ground that he had mistaken the boundary line, and, in this way, put improvements upon the plaintiff's land instead of his own, if, by the exercise of due care, the true boundary could have been known. But, if the evidence should show in such case that the mistake was not caused by the party's negligence, or that the plaintiff knowingly stood by and permitted the mistaken defendant to make valuable improvements upon his land, without giving him notice of his claim, then the defendant would be entitled to compensation for the excess in value of the improvements over the value of the use and occupation of plaintiff's land. The judgment of the court below should be reversed and the case remanded.

Report of Commissioners of Appeals examined, opinion adopted, judgment reversed and case remanded.